5

FILED

JUL 2 4 2006
KT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| In re | Case No. 06-10324-A-11F |
|---|---|
| | DC No. WLG-11 |
| PROPERTY DEVELOPMENT GROUP, LLC, | |
| | FINDINGS OF FACT AND |
| | CONCLUSIONS OF LAW RE |
| Debtor. | APPLICATION FOR PAYMENT OF |
| _____/ | INTERIM FEES AND EXPENSES |

This is an application for payment of interim fees and expenses in this chapter 11 case.

The case was filed March 23, 2006, and the court approved Walter Law Group's application to be employed as attorney for the debtor-in-possession on March 30, 2006. The application requests payment of compensation and reimbursement of expenses for May 1, 2006, through May 31, 2006, in the total amount of $50,747.35. It reflects that on the date the petition was filed, applicant held a retainer of $86,211.17, which it still holds. The court previously approved interim compensation in the amount of $38,228 in fees and $1689.26 in costs.

This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

The application reflects a blended hourly rate, including attorneys and paralegals, of $277.50.

270

This application is brought under § 331 of the Bankruptcy Code. That section allows professionals to apply for interim compensation prior to the date of a hearing under § 330.

Bankruptcy Code § 330(a) sets out the requirements for compensation of professionals employed in bankruptcy cases. Those requirements include the time and the rates for legal services; whether the services were performed within a reasonable amount of time, taking into account the complexity, importance and nature of the issue; whether the requested compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code; and whether there was any unnecessary duplication. The court has an independent duty to review fee applications of professionals employed in bankruptcy cases even where no party in interest has objected.

Compensation for bankruptcy counsel is meant to be commensurate with compensation awarded to nonbankruptcy attorneys for "comparable services." In re Nucorp Energy, Inc., 764 F.2d 655, 659 (9th Cir. 1985). See also, Bankruptcy Code § 330(a)(3)(F). This is a calculation that the court cannot make without evidence.

The court is reluctant to disallow compensation requested under § 331, preferring to leave such question for determination of a final award of compensation under § 330. That is particularly true in a case like this one, which is a large chapter 11 case marked by intense and ongoing negotiation among the parties. In fact, applicant continues to hold a retainer of over $86,000, which has not yet been utilized to pay previously

approved fees.

That having been said, of the $50,222 in fees in this application, over $13,000 was incurred by paralegals for work that to a great extent appears clerical in nature. Also, the time records show billings for inter-office conferences or telephone calls between and among persons who work in applicant's office, where both persons have billed. There appears to be duplication of services. Some of the entries are vague, for instance, entries for "review and response to miscellaneous e-mails."

Clerical services are not compensable as professional time. Instead, clerical services are part of a professional's overhead. See, In re Rauch, 110 B.R. 467, 477. "11 U.S.C. § 330(a)(2) allows for reimbursement of actual, necessary expenses, but it does not provide for expenses for clerical work. The type of expenses allowed to be reimbursed are telephone charges, fax charges, bond premium charges, and the like." (emphasis in original).

The Rauch decision has been expressly approved by the Ninth Circuit Court of Appeals:

> "Caselaw also supports our conclusion that § 330(a)(2) does not contemplate reimbursement for normal overhead expenses. In In re Rauch, 110 Bankr. 467, 476-77 (Bankr. E.D. Cal. 1990), the bankruptcy court held that the Chapter 11 trustee could not receive reimbursement for clerical duties, including letter writing, phone answering, leaving messages, balancing the bank statement, and writing checks, because those duties constituted overhead and were nonreimbursable under § 330(a)(2).... We find this analysis correct."

In re U.S. Trustee v. Miquel, et al, 32 F.3d 1370, 1374 (9th Cir. 1994).

Also, the United States Trustee has promulgated "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330" (the "UST Fee Guidelines"). The UST Fee Guidelines also observe that whether an expense appears to be in the nature of nonreimbursable overhead, such as word processing, proofreading, secretarial and other clerical services, is relevant to an award of compensation under § 330. See, UST Fee Guidelines at ¶ B(5)(vi). Moving an item from the expense category to the fee category does not change the result.

Clerical services performed by paralegals and attorneys are not made compensable because the person performing the service is designated a paralegal or an attorney rather than a secretary.

Many more fees will be incurred in this case before its conclusion. Applicant holds a retainer sufficient to pay all the fees requested here. Therefore, the court will allow interim compensation in the amount requested, noting, however, that in any final application, services that appear from a reading of the time records to be clerical will not be compensable.

Applicant may submit a proposed form of order, which shall provide that the fees are to be paid from the retainer.

DATED: July 24 2006.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

```
                    PROOF OF SERVICE BY MAIL
STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF FRESNO         )
```

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On July 24, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Riley C. Walter
WALTER LAW GROUP
7110 N. Fresno St., #400
Fresno, CA 93720

Rene Lastreto II, Esq.
LANG, RICHERT & PATCH
P. O. Box 40012
Fresno, CA 93755-0012

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on July 24, 2006, at Fresno, California.

_____
Kathy Torres, PLS